**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jittawee Curly BEARCUB,**
**Defendant—Appellant.**

**No. 06–30062.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Craig W. Haller, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

James B. Obie, Esq., Law Office of James B. Obie, Helena, MT, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Jittawee Curly Bearcub ("Bearcub") appeals the district court's imposition of a life term of supervised release following his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conviction for abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Consistent with *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621(2005), the district court explicitly considered the factors listed in 18 U.S.C. § 3553(a) when it sentenced Bearcub. Furthermore, 18 U.S.C. § 3553(a)(5) states that a district court shall consider any pertinent policy statement during sentencing. United States Sentencing Guideline § 5.D1.2(b)(2) includes a policy statement explaining that "[i]f the instant offense of conviction is a sex offense … the statutory maximum term of supervised release is recommended." The statutory maximum term of supervised release for violating 18 U.S.C. § 2244(a)(1) is life. *See* 18 U.S.C. § 3583(k). Therefore, in imposing a life term of supervised release for Bearcub's sexual offense involving a minor, the district court merely followed the pertinent policy statement and statutory maximum. Bearcub's offense and behavioral history further reveal the reasonableness of a life term of supervised release. Bearcub was convicted of attempting to anally penetrate an eight-year-old boy. He has admitted to sexually abusing fifteen individuals, including his three sisters. He has been classified in the high risk category of known juvenile sex offenders. In sum, the imposition of a life term of supervised release was not unreasonable.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).